ATTORNEY GENERAL *v.* SHAW.

1. ATTORNEY AND CLIENT—DISBARMENT—REHEARING—COURTS.
   Second motion for rehearing upon additional showing in disbarment proceeding, made after expiration of term of office of one of three circuit judges, constituting the circuit court for disbarment, *held*, entitled to consideration by the circuit court, the vacancy to be filled by designation of another circuit judge (3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931).

2. JUDGES—TERM OF OFFICE—COURTS.
   Judges may pass from the bench but the courts of which they were officers continue with full power to function.

Appeal from Kent; Gillespie (Glenn C.), Sprague (Victor D.), and George (Fred W.), JJ., presiding.

Submitted June 12, 1936. (Docket No. 106, Calendar No. 38,954.) Decided October 5, 1936.

Petition by the Attorney General for the disbarment of Arthur F. Shaw. Order of disbarment. From refusal to pass upon second motion for rehearing, defendant appeals. Reversed and remanded.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Weston L. Sheldon,* Assistants Attorney General, for plaintiff.

*Wilber M. Brucker,* for defendant.

WIEST, J. Three circuit judges, designated by the presiding circuit judge of the State and sitting *en banc* in the Kent circuit to hear evidence upon charges preferred by the attorney general, listened to the proofs in open court, adjudged defendant guilty of subornation of perjury and disbarred him from the practice of law.

Defendant reviews by appeal, claiming the finding is without support of credible evidence, and the court was in error in not granting the first motion for a rehearing and in not passing upon his second motion for a rehearing.

The question of defendant's right to have his second motion for a rehearing determined commands attention and disposition as hereinafter stated.

The second motion for a rehearing set up subsequent statements made by a witness and claimed to disclose error on the part of the judges in weighing the testimony of such witness. This motion was made after the term of office of one of the three judges had expired and the other two declined to pass upon the motion.

The attorney general contends that:

"The two trial judges did not have power to make an order either granting or denying the second motion for rehearing.

"The disbarment statute is 2 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931. It provides that no disbarment proceedings are held in circuit court. The presiding judge of the State shall appoint three outside circuit judges to 'hear the evidence in such proceedings and determine the rights.'

"This is the only statute on the procedure of disbarment cases and it places the jurisdiction of the trial of the case in three circuit judges."

We do not find any such idea in the statute and cannot join in the misconception of its plain provisions. The mentioned amendment from which the attorney general makes quotation expressly provides:

"Attorneys and counselors may be removed or suspended by the supreme or circuit courts in which they shall be authorized to practice. Proceedings to remove or suspend instituted in any circuit court shall be in the circuit where the accused resides or where he maintains an office for the transaction of legal business or where the misconduct so complained of was committed. Disbarment proceedings are hereby declared to be civil in nature."

Charges must be verified and filed with the attorney general who, upon investigation, may file such charges in the proper court. Thereupon the court issues an order for the accused to show cause.

That same act provides:

"When the proceedings brought under this act are held in any circuit court of this State, on the request of the attorney general, it shall be the duty

of the presiding judge of said State to appoint three circuit judges of said State to sit and hear the evidence in said proceedings and determine the rights of the parties so complained of. * * * Petitions for reinstatement shall be filed with the court which ordered the disbarment or suspension. * * * During the pendency of an appeal the order of the circuit court disbarring or suspending the defendant shall remain in full force and effect unless otherwise ordered by the Supreme Court.''

The proceedings at bar were had in accordance with the mentioned provisions and an order of disbarment entered at a session of the circuit court for the county of Kent, with the three judges sitting *en banc*. The proceedings were in a court.

Defendant moved the court, upon a showing, to grant a rehearing. The motion was denied by an opinion signed by the three circuit judges and filed in the court.

Defendant made a second motion for rehearing upon an additional showing. At that time the term of office of one of the former sitting judges had expired, and the two other judges refused to pass on the motion, stating in a letter to defendant:

"By the order of disbarment made October 10, 1935, by the disbarment court, that court ceased to exist. It, therefore, has not the power now to make an order either granting or denying your motion."

Defendant contends for the right to have the second motion heard and decided. The motion had bearing upon the former testimony of a witness, essential to support the order of disbarment, and it deserves consideration and judicial determination. The court in which the proceedings were had has not ceased to exist. That court is still functioning as the circuit court for the county of Kent.

Act No. 171, Pub. Acts 1931, provides that, should defendant apply for reinstatement the presiding judge of the State shall, in all cases, if possible, appoint the same judges who sat in the original proceedings.

It would be strange, indeed, to leave the condemned without remedy, otherwise open, because the term of one of the three judges had expired, or even if the terms of all three had expired. Judges may pass from the bench but the court of which they were officers continues with full power to function, and this is true in the instance at bar.

The presiding circuit judge may designate another circuit judge to sit with the two remaining circuit judges.

Defendant has a right to have his motion passed on in circuit court and the proceedings thereon are remanded to the circuit court for consideration and determination, with right of appeal by defendant, in case of denial of the motion, with the record now here supplemented by a record of disposition of the motion for rehearing.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. POTTER and TOY, JJ., did not sit.