ATTORNEY GENERAL *v.* SHAW.

1. ATTORNEY AND CLIENT — DISBARMENT PROCEEDINGS — STATE BAR RULES—STATUTES.
    State bar rules providing for additional method of procedure in case of disbarments neither amended nor repealed statute authorizing disbarment proceeding by attorney general (3 Comp. Laws 1929, § 13585; State Bar Rules, § 15).

2. SAME—DISBARMENT PROCEEDINGS—ATTORNEY GENERAL—REVIEW.
    Review of order of disbarment entered by circuit judges presiding in hearing, instituted by attorney general pursuant to statute, is confined to certiorari (3 Comp. Laws 1929; § 13585).

3. CERTIORARI—QUESTIONS REVIEWABLE—CREDIBILITY OF WITNESSES
—WEIGHT OF EVIDENCE.
   Upon review by certiorari Supreme Court may not examine into
   credibility of witnesses or weigh conflicting testimony.

Appeal from Kent; Pugsley (Earl C.), George
(Fred W.), and Sprague (Victor D.), JJ., presiding.
Submitted July 9, 1937. (Docket No. 138, Calendar
No. 39,512.) Decided September 1, 1937. Rehearing
denied October 13, 1937. Rehearing granted on motion for reconsideration October 3, 1938.

Petition by the Attorney General for the disbarment of Arthur F. Shaw. From order of disbarment, defendant appeals. Affirmed.

*Raymond W. Starr,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for plaintiff.

*Laurence W. Smith,* for defendant.

BUTZEL, J. At the rehearing, as ordered in *Attorney General* v. *Shaw,* 277 Mich. 187, additional testimony was taken before three circuit judges, one of whom had not sat at the original hearing, but all of whom in determining the case, considered the testimony taken at the original, as well as the subsequent, hearing.

Respondent, an attorney, was charged with procuring and presenting testimony, known to him to be false, at the taking of a deposition to be used before the department of labor and industry. An undertaker testified that after he had received a total of upwards of $60, and given a receipt for the funeral expenses of an employee, on account of whose death compensation was sought, respondent was instrumental in having him testify that the funeral expenses had not been paid, and that $205.88 was due

him, so as to enable the widow of the decedent to
recover $200, the maximum amount recoverable for
funeral expenses under the workmen's compen-
sation act.* Respondent denied the charges, refuted
the testimony tending to show that he had guilty
knowledge of the attempted fraud, claimed that
owing to the great pressure of business he had for-
gotten all about a receipt showing payment of the
funeral expenses that had been left with him, and
that at most he had made an unintentional mistake.
He pointed to an honorable career of distinguished
public service. Character witnesses testified to his
reputation for integrity. The trial judges found
him guilty and disbarred him for a period of two
years.

On appeal, it is claimed that the findings of the
trial judges are against the great weight of the testi-
mony, and that under the Supreme Court Rules,
§ 15, governing the State Bar of Michigan, adopted
November 15, 1934, this court in its discretion may
review the final order of the circuit court both as to
law and facts. The instant case was brought by the
attorney general in accordance with 3 Comp. Laws
1929, § 13585, which was neither amended nor re-
pealed by the State bar rules providing for an ad-
ditional method of procedure, by which proceedings
may be instituted before the committee of the State
Bar, and the report and recommendations of the
committee before whom the hearing is held, together
with a transcript of the testimony, are duly filed and
then passed upon by three judges, appointed by the
presiding circuit judge. Only certiorari, however,
may be brought under section 13585. This precludes
us from examining into the credibility of witnesses

---

* See 2 Comp. Laws 1929, § 8424, as amended by Act No. 130,
Pub. Acts 1935.—Reporter.

or weighing conflicting testimony. *Attorney General
v. Lane,* 259 Mich. 283; *Attorney General* v. *Nelson,*
263 Mich. 686.

The order of the circuit judges is affirmed.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE,
POTTER, and CHANDLER, JJ., concurred.