In the Matter of ELIAS B. GOODMAN, an Attorney, Appellant.
THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK,
                    Respondent.

Attorneys — disbarment — limitation upon power of Court of
    Appeals to review decision of Appellate Division — evidence
    examined and held sufficient to support order of Appellate
    Division disbarring attorney.

In a proceeding for the disbarment of an attorney the power of review
    ends in this court when it appears that the proceeding has been insti-
    tuted and conducted in accordance with the statutes and rules authoriz-
    ing it.
Upon an examination of the record, *held*, that this proceeding was regu-
    larly instituted and conducted; that no legal right of the appellant was
    ignored or violated; that no substantial errors were committed by the
    referee in the conduct of the proceeding, and that the evidence amply
    sustains the finding of the referee and the order of the Appellate
    Division.
*Matter of Goodman*, 135 App. Div. 594, affirmed.

(Argued June 2, 1910; decided June 14, 1910.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Janu-
ary 11, 1910, suspending the appellant herein from practice as an
attorney in the courts of this state for the period of two years.

The facts, so far as material, are stated in the opinion.

*Benjamin Reass, H. C. S. Stimpson* and *John Z. Lowe,
Jr.*, for appellant. The proceedings below are appealable to
and reviewable by this court. (*Matter of an Attorney*, 83
N. Y. 165 ; *Matter of Spencer*, N. Y. L. J., Apr. 1, 1910 ;
*Matter of Eldridge*, 82 N. Y. 161.)

*Nathan Ottinger* for respondent. The findings of the
referee amply warrant the order of the Appellate Division.
(*Matter of Clark*, 184 N. Y. 222.)

WERNER, J.  The appellant was admitted to the Bar in the
city of New York in the year 1902.  Scarcely a year later he
figured in a series of transactions which led to this proceed-

ing for his disbarment.   The substance of the charges against
the appellant is that he was guilty of fraud, malpractice and
unprofessional conduct in using false answers upon motions
to open two judgments taken against his clients by default,
upon complaints which were known to him to be true; in
interposing false answers on behalf of his clients in subse-
quent actions brought by the judgment creditor in the judg-
ments mentioned to set aside certain transfers of real estate
as fraudulent and void; and in suborning perjury and insti-
gating fraud in and about the actions and transactions upon
which the charges are founded.

After a preliminary investigation by a committee of the
Association of the Bar, the matter was deemed grave enough
to justify the presentation of formal charges to the Appellate
Division.   That court made an order referring it to a referee.
After a most patient and painstaking investigation extending
over many months and covering numerous hearings, the
referee submitted a report in which he found the appellant
guilty of unprofessional conduct in using the false answers
upon the motions to open the defaults referred to, but acquit-
ting him of the other charges because they were not estab-
lished by satisfactory proofs.   When the referee's report was
presented to the Appellate Division, it was approved and an
order was entered suspending the appellant from practice in
the courts of this state for the period of two years.   From
this order an appeal is now before this court upon appellant's
contention that the charges of unprofessional conduct against
him are not sustained by the evidence.

In a proceeding of this character the power of review ends
in this court when it appears that the proceeding has been
instituted and conducted in accordance with the statutes and
rules authorizing it; that no substantial legal right of the
accused has been violated; that no prejudicial error has been
committed in the reception or exclusion of testimony; and
that there is some evidence to sustain the findings upon which
the order is based.   Further we cannot go, for the power and
discretion of the Appellate Division in the infliction of punish-

ment when guilt is established are not subject to review in this court. After a careful examination of the record we conclude that the proceeding was regularly instituted and conducted; that no legal right of the appellant was ignored or violated; that no substantial errors were committed by the referee in the conduct of the proceeding, and that the evidence amply sustains the finding of the referee and the order of the Appellate Division.

In view of the very full and instructive opinion written at the Appellate Division we might well stop here, but the appellant has so insistently sought to justify his conduct that we think it may be well to indicate that in our judgment the appellant has not been harshly dealt with. We think that instead of assuming the attitude of one who has been grievously wronged he should felicitate himself upon the moderation observed both by the referee and the Appellate Division. No unprejudiced lawyer, endowed with an average degree of moral sense, can read this record without realizing that the evidence would have sustained findings against the appellant upon the more serious charges preferred against him. Much of this evidence was documentary, and, therefore, unaffected by the character of the witnesses who testified orally in support of the charges. The referee decided, however, that no charges were satisfactorily established except those relating to the appellant's misconduct upon the motions to open the defaults above referred to, and these were sustained because they were proven by records, documents and the appellant's own admissions. The appellant stands convicted, therefore, of grave professional misconduct, not upon doubtful or disputed testimony, but upon record evidence, the import of which is too plain for serious discussion.

Without rehearsing unnecessary preliminary details, it is enough to say that an action was brought by one Woodruff to replevin certain merchandise which was in the possession of one Samuelson. Upon Samuelson's reclaimer of the merchandise, the appellant induced one Zimmerman to sign as a surety upon the undertakings required by law. This was followed

by a stipulation under which Samuelson was to retain the merchandise and make weekly payments to Woodruff, in default of which the latter was authorized to take judgment against the former without further notice. Samuelson having defaulted in his weekly payments, judgment was entered against him in the replevin suit, execution issued and returned unsatisfied. Then suits were brought upon the undertakings. The complaints in these actions recited the foregoing facts, all of which were true and within the personal knowledge of the appellant. Answers were served on behalf of both sureties, denying knowledge or information sufficient to form a belief as to the truth of the allegations in the complaints. These answers were drawn in the office of the appellant, and they were false. The copies served were returned for lack of verification, and thereupon judgment was entered against the sureties by default. Then the appellant made motions at Special Term to open these defaults, knowing that the judgments had been taken upon complaints that were true. In support of his motions the appellant used these false answers and the usual affidavits of merits. One of the charges made against him in this proceeding is that he was guilty of unprofessional conduct in using these answers, knowing them to be false. He admits using them and now concedes their falsity, but insists that he did not have knowledge of it when he made the motions. His excuse is that the answers were drawn by a clerk in his office, and that he did not have time to examine them before going into court. He would have us believe that although he was a young lawyer of less than a year's standing at the bar, he was willing to intrust to a clerk not then admitted to practice, the drawing and serving of answers in actions involving substantial property rights; and, more than this, he asserts that he went into court for the purpose of making motions to open defaults without knowing what was in his moving papers. We think the record clearly sustains the referee's conclusion that the appellant used these false answers, knowing their falsity, for the express purpose of seeking to set aside judgments upon

complaints that were true of appellant's personal knowledge, and that his effort to induce the court to vacate said judgments was unprofessional, dishonest and fraudulent. ·Holding these views we cannot assent to the argument that he has been too severely punished.    We think he has been treated with a degree of leniency which finds its only justification in his youth and inexperience.

The order of the Appellate Division must be affirmed. .

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.