In the Matter of HENRY A. ROBINSON, an Attorney, Appellant.

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.

Attorneys — power of Appellate Division to discipline attorneys and counselors at law for professional misconduct — appeals from Appellate Division — jurisdiction of Court of Appeals.

1. The Appellate Division of the Supreme Court has long exercised jurisdiction to discipline attorneys and counselors at law who were guilty of professional misconduct, and by the statute as amended in 1912 (Judiciary Law, § 88, subd. 2, amd. L. 1912, ch. 253) the legislature simply gives expression to a more extended power and jurisdiction to that court than was expressed in the statutes as they existed prior thereto. The statute as amended does not purport to take away the jurisdiction of this court on appeals from orders in proceedings to punish attorneys, neither can an intention to that effect be inferred therefrom.

2. Money paid for the reasonable expenses of an investigator to ascertain the names of witnesses and their knowledge on the subject under consideration, and for investigation by an expert for the purpose of making such expert a witness upon a trial, constitute legitimate expenditures by a person or corporation charged with liability by reason of negligence or for any other cause, and such reasonable payments are not subject to criticism and do not justify a charge against an attorney who approves the same.

3. In a proceeding of this character the power to review ends in this court when it appears that the proceeding has been instituted and conducted in accordance with the statutes and rules authorizing it; that no substantial legal right of the accused has been violated; that no prejudicial error has been committed in the reception or exclusion of testimony, and that there is some evidence to sustain the findings upon which the order is based.

  *Matter of Robinson*, 151 App. Div. 589, affirmed.

(Argued June 17, 1913; decided October 28, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1912, disbarring the appellant from practice as an attorney and counselor at law in the state of New York and directing that his name be stricken from the rolls of such attorneys and counselors at law and forbidding him to practice as such, and also from an order entered July 29, 1912, denying the appellant's motion for a resettlement of said order entered June 25, 1912.

The facts, so far as material, are stated in the opinion.

*Edward W. Hatch* and *Joseph F. Daly* for appellant.

*Tompkins McIlvaine* and *Einar Chrystie* for respondent.

CHASE, J.  By chapter 253 of the Laws of 1912 subdivision 2 of section 88 of the Judiciary Law was amended so as to read as follows: " The Supreme Court shall have power and control over attorneys and counsellors at law, and the Appellate Division of the Supreme Court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor at law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice; and the Appellate Division of the Supreme Court is hereby authorized to revoke such admission for any misrepresentation or suppression of

any information in connection with the application for admission to practice." The Appellate Division of the Supreme Court had long exercised such jurisdiction to discipline attorneys and counselors at law who were guilty of professional misconduct.

By the statute as amended in 1912 the legislature simply gives expression to a more extended power and jurisdiction in the Appellate Division of the Supreme Court than was expressed in the statutes as they existed prior to such amendment. (See section 88 of the Judiciary Law as enacted by chapter 35, Laws of 1909, and the Code of Civil Procedure, section 56, as amended by chapter 425, Laws of 1886, and chapter 946, Laws of 1895, and also section 67 of said Code as amended by chapter 99, Laws of 1891, chapter 946, Laws of 1895, and also section 3, chapter 486, Laws of 1871, and the Revised Statutes, part 1, chap. 5, title 4, sec. 24.)

The jurisdiction of this court to hear and determine an appeal from an order made in a proceeding to disbar or otherwise punish an attorney and counselor at law for misconduct as such, had been frequently asserted and exercised prior to said amendment. (*Matter of Cooper*, 22 N. Y. 67; *Matter of Eldridge*, 82 N. Y. 161; *Matter of an Attorney*, 83 N. Y. 164; *Matter of Randel*, 158 N. Y. 216; *Matter of Clark*, 184 N. Y. 222; *Matter of Kaffenburgh*, 188 N. Y. 49; *Matter of Droege*, 197 N. Y. 44, 50; *Matter of Goodman*, 199 N. Y. 143; *Matter of Spenser*, 203 N. Y. 613.)

The statute as amended does not in terms purport to take away the jurisdiction of this court on such appeals, neither can an intention to that effect be inferred therefrom. Jurisdiction to hear and determine such appeals have been so long exercised that it should be continued unless the legislature expressly enacts that such jurisdiction shall no longer exist.

The charges against the appellant are that between November 1, 1899, and January 1, 1902, while he as an

attorney and counselor at law was in personal supervision of the law department of the Metropolitan Street Railway Company, he approved and directed the payment of a large number of bills for money improperly expended by detectives, investigators and other employees of said department in connection with claims presented against said railway company and suits pending or being tried against it for damages arising from the alleged negligence of said company. It is charged that in approving said bills and directing the payment thereof he was guilty of malpractice and gross unprofessional conduct as such attorney and counselor at law.

The appellant was admitted to practice as an attorney and counselor at law in 1882, and was thereafter employed in the office of attorneys and counselors at law who were principally engaged in the defense of claims for damages arising from alleged negligence. At the time he commenced his service with said attorneys they had in their employ persons engaged in the investigation of claims made for damages by reason of alleged negligence, and had devised a system by which such alleged claims were investigated. A few years thereafter he was employed by certain street railroad companies which were thereafter consolidated into the Metropolitan Street Railway Company. He became the general solicitor of said street railway company. In the investigation of claims presented against said company he adopted the system that had been built up by his former employers and gradually enlarged and greatly extended such system.

Over three thousand claims were investigated by detectives and investigators employed by him each year during the time mentioned, and thousands of dollars were annually expended in such investigation, no part of which could be paid without the personal approval of the appellant. Many of the claims were presented by attorneys for claimants who held by assignment an interest therein, contingent upon a recovery thereon. In nearly

every case of an accident occurring in connection with the operation of its railroad by said company persistent effort was made by persons interested to establish a liability on the part of the railroad company for any personal or other injuries resulting therefrom. It was necessary for the company to be alert in investigating every reported accident and the claims presented to it arising therefrom. Such investigation was necessary in cases where claims were presented against it to determine whether such claims were genuine or fraudulent and if genuine the extent, if any, of the liability of the company therefor, and also the extent of the damages sustained by the claimant.

A claimant against a person or corporation has no property interest in a witness to the transaction or occurrence out of which the alleged claim arises. The duty of an attorney for a person or corporation may require him personally or otherwise to interview all of the witnesses to a transaction or occurrence, whether such witnesses are favorable to the claimant or not, for the purpose of ascertaining so far as possible the extent of the liability of his client, if any, by reason of such transaction or occurrence.

Money paid for the reasonable expenses of an investigator to ascertain the names of witnesses and their knowledge on the subject under consideration, constitutes a legitimate expenditure by a person or corporation charged with liability by reason of negligence or for any other cause, and such reasonable payments are not subject to criticism and do not justify a charge against an attorney who approves the same.

Reasonable expenditures for investigation by an expert for the purpose of making such expert a witness upon a trial are also a legitimate expenditure.

The above statement in regard to legitimate expenditures in the preparation for the trial of issues is made to avoid any assertion to the contrary based upon what was said at the trial in this case, or in the court below.

The extent of the authority of this court to review cases of this kind has been several times stated by the court. In *Matter of Goodman* (*supra*), which was a proceeding to disbar an attorney, the court say: "In a proceeding of this character the power to review ends in this court when it appears that the proceeding has been instituted and conducted in accordance with the statutes and rules authorizing it; that no substantial legal right of the accused has been violated; that no prejudicial error has been committed in the reception or exclusion of testimony; and that there is some evidence to sustain the findings upon which the order is based. Further we cannot go, for the power and discretion of the Appellate Division in the infliction of punishment when guilt is established are not subject to review in this court." (p. 144.)

In view of the seriousness of the charge against the appellant and the consequences of sustaining the order disbarring him from practice, we have carefully examined all of the testimony in this case, including the many vouchers approved by him which were submitted to us in connection with the record. There is some evidence to sustain the findings upon which the order is based. This is true as to some of the specific charges when examined separately and independently of the system. It is also true of the elaborate system developed by the appellant and the lavish expenditures of money in connection therewith, all of which inevitably tended to interfere with the administration of justice and to bring the courts into disrepute. The appellant's connection with the system and the acts and expenditures connected therewith were so intimate and controlling that the purpose of the system and the details in carrying it out are directly chargeable to him. An extended discussion of the evidence and the items of expenditure is quite unnecessary in this opinion.

We find no error of law which requires the reversal of the order made by the Appellate Division and repeat

that there are at least some facts to sustain the conclusions of the Appellate Division.

The order should be affirmed.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Order affirmed.