In the Matter of JOSEPH A. FLANNERY, an Attorney, Appellant.

THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.

**Attorneys — disbarment — power of review in Court of Appeals.**

When the Appellate Division has found an attorney guilty of gross unprofessional conduct and has decreed his disbarment, the power of review in the Court of Appeals is limited to the consideration of the single question whether the finding of guilt has any evidence to sustain it.

*Matter of Flannery,* 150 App. Div. 369, affirmed.

(Argued June 10, 1914; decided October 23, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 11, 1912, disbarring the appellant herein from practice as an attorney and counselor at law.

*Edward W. Hatch, H. Snowden Marshall* and *Benjamin Trapnell* for appellant.

*William D. Guthrie* for respondent.

*Per Curiam.* The Appellate Division has found the appellant guilty of gross unprofessional conduct and has

decreed his disbarment. On this record our power of review is limited to the consideration of the single question whether the finding of guilt has any evidence to sustain it. (*Matter of Goodman*, 199 N. Y. 143; *Matter of Robinson*, 209 N. Y. 354.) It is not for us, where the evidence is conflicting, to determine where lies the truth. It is not for us, where opposing inferences may be drawn, to determine which we shall accept and which reject. It is not for us to revise the measure of punishment which guilt, when adjudged, is to entail. In establishing the standard of conduct to which the bar must at its peril conform, the Appellate Division has a wide discretion, with which we have neither the wish nor the power to interfere. If the conduct condemned is not wholly blameless, the extent to which it shall be reprobated is not for our determination. We have no right to say, where any measure of blame attaches to the offense, that the standard has been set too high.

In the light of these guiding principles we have considered this voluminous record, and have reached the conclusion that the evidence sustains the findings. It would serve no useful purpose to follow the course of the proofs and to point out the inferences to be drawn from them. The court below, where conflicting inferences may have been possible, has seen fit, after weighing the evidence, to draw those adverse to the appellant, and to the rectitude of his purposes and motives. Drawing these inferences it has held that his conduct falls short of the standard to which the members of an honorable profession must conform. The appellant would have us say that the conduct which the court below has thus condemned is wholly free from blame. We are asked in effect to serve notice on the bar that what was done by the appellant may with impunity and honor be done by others. We cannot give that word.

The order of disbarment should be affirmed.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, HOGAN and CARDOZO, JJ., concur; MILLER, J., not sitting.

Order affirmed.