In the Matter of LOUIS S. LEVY.

First Department, February 7, 1941.

*Mortimer Hays*, for the motion.

*Timothy N. Pfeiffer* of counsel for the petitioner, The Association of the Bar of the City of New York, opposed.

PER CURIAM. Louis S. Levy, who was disbarred by this court on November 22, 1940 (260 App. Div. 722), has applied for an order granting him leave to appeal to the Court of Appeals.

The applicant argues that "the record is as consistent with his innocence of wrongdoing as it is with his involvement in any impropriety, and that on such record the respondent was entitled, as a matter of law, to a finding favorable to him."

In the leading case on the subject, *Matter of Flannery* (212 N. Y. 610), the Court of Appeals, in defining its power of review in proceedings of this character, said:

" On this record our power of review is limited to the consideration of the single question whether the finding of guilt has any evidence to sustain it. (*Matter of Goodman*, 199 N. Y. 143; *Matter of Robinson*, 209 N. Y. 354.) It is not for us, where the evidence is conflicting, to determine where lies the truth. It is not for us, where opposing inferences may be drawn, to determine which we shall accept and which reject. It is not for us to revise the measure of punishment which guilt, when adjudged, is to entail. In establishing the standard of conduct to which the bar must at its peril conform, the Appellate Division has a wide discretion, with which we have neither the wish nor the power to interfere. If the conduct condemned is not wholly blameless, the extent to which it

shall be reprobated is not for our determination. We have no right to say, where any measure of blame attaches to the offense, that the standard has been set too high.

" In the light of these guiding principles we have considered this voluminous record, and have reached the conclusion that the evidence sustains the findings. It would serve no useful purpose to follow the course of the proofs and to point out the inferences to be drawn from them. The court below, where conflicting inferences may have been possible, has seen fit, after weighing the evidence, to draw those adverse to the appellant, and to the rectitude of his purposes and motives. Drawing these inferences it has held that his conduct falls short of the standard to which the members of an honorable profession must conform. The appellant would have us say that the conduct which the court below has thus condemned is wholly free from blame. We are asked in effect to serve notice on the bar that what was done by the appellant may with impunity and honor be done by others. We cannot give that word."

The motion should be denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Motion for leave to appeal to the Court of Appeals denied.