OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Petitioner appeals from an order of the Appellate Division denying his application for admission to the Bar. The court’s decision came after the Committee on Character and Fitness found petitioner lacking in "the character necessary to discipline himself to control his standard of living and the amount of his indebtedness, thus showing a lack of financial responsibility necessary for an attorney.” At the time of his application, petitioner had filed a petition in bankruptcy. He maintains the Committee and the Appellate Division denied him *939 admission because of his bankruptcy and thereby violated 11 USC §525. That statute provides that a governmental unit may not refuse to grant a license solely because the applicant is or has been a bankruptcy debtor.
The primary purpose of the Bankruptcy Act is to give debtors " 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt’ ” (Perez v Campbell, 402 US 637, 648 [quoting from Local Loan Co. v Hunt, 292 US 234, 244]). This purpose may be defeated if certain benefits are denied because the debtor has filed a petition in bankruptcy or because the debtor refuses to reaffirm and reinstate obligations which have been discharged by bankruptcy. Thus, in Perez the Supreme Court held that a State’s refusal to renew a driver’s license because of an unsatisfied tort judgment, arising from an automobile accident and discharged in bankruptcy, was contrary to principles underlying the bankruptcy laws and void under the Supremacy Clause of the Constitution (US Const, art VI, cl 2). Similar reasoning has been applied by State courts in Bar admission cases (see, Application of Gahan, 279 NW2d 826 [Minn], citing Perez v Campbell, supra; see also, Florida Bd. of Bar Examiners [Re: Groot], 365 So 2d 164 [Fla]; Florida Bd. of Bar Examiners [Re: G. W.L.], 364 So 2d 454 [Fla]; see generally, Annotation, Failure to Pay Creditors as Affecting Applicant’s Moral Character for Purposes of Admission to the Bar, 4 ALR4th 436).
Section 525 of title 11 is based upon the Perez holding and is intended to protect debtors from being denied governmentally granted privileges because of bankruptcy. The legislative history makes clear, however, that Congress’ concern was discrimination against debtors based upon the fact of bankruptcy; the statute was not intended to shield debtors from reasonable inquiries about their, ability to manage financial matters when the ability to do so is related to their fitness for the license sought (see, HR Rep No. 95-595, 95th Cong, 1st Sess, at 165 [1977], reprinted in 1978 US Code Cong & Admin News, 95th Cong, 2d Sess, at 5787, 5963, 6126; see also, Sen Rep No. 95-989, reproduced in 11 USCS § 525, History; see generally, Application of Taylor, 293 Ore 285, 647 P2d 462; Detz v Hoover, 539 F Supp 532).
The distinction is subtle because the State’s actions may not inhibit individuals from taking advantage of the bankruptcy laws to avoid jeopardizing a future legal career. Nor can the State use its power to examine Bar applicants as a means of *940 coercing them into reaffirming debts previously discharged (see, Perez v Campbell, 402 US 637, 649-652, supra; Note, Evaluation of a Bar Applicant’s Moral Character: May a State Consider the Circumstances Surrounding a Discharge in Bankruptcy?, 56 Ind LJ 703, 714). A determination of unfitness must rest not on the fact of bankruptcy but on conduct reasonably viewed as incompatible with a lawyer’s duties and responsibilities as a member of the Bar. To successfully establish a claim that 11 USC § 525 has been violated, an applicant must establish that insolvency, the filing of bankruptcy or the discharge of debt is the sole reason for denial of the application (see, 11 USC § 525 [a]; In re Hopkins, 66 Bankr 828 [Bank Ct, WD Ark]; see also, 11 USCS § 525, History).
The Appellate Division is the fact finder on issues of character and fitness and its discretion in this area is "inclusive” (see, Matter of Harvey, 309 NY 46, 48). Our review is limited to ensuring that the proceedings have been conducted in accordance with statutory and regulatory requirements, that no right of the petitioner has been violated, and that there is evidence to sustain the decision of the Appellate Division. We may not substitute our judgment on the merits for that of the Appellate Division (see, Matter of Goodman, 199 NY 143, 144).
Although the Appellate Division did not state the reasons for its action or adopt those of the Committee, the record contains evidence sufficient to support its determination of unfitness on permissible grounds and its order should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, without costs, in a memorandum.