Hon. Richard E. Jackson, Jr. Formal Opinion No. 98-F10 Commissioner, NYS Department of Motor Vehicles Swan Street Bldg. Empire State Plaza Albany, New York 12228
Dear Commissioner Jackson:
Your counsel has requested an opinion regarding an apparent conflict between the United States Bankruptcy Code and the New York State Vehicle and Traffic Law. Specifically, counsel has asked whether civil penalties owed to the Department of Motor Vehicles under article 6 of the Vehicle and Traffic Law are dischargeable in a Chapter 13 bankruptcy.
Article 6 of the Vehicle and Traffic Law, entitled the "Motor Vehicle Financial Security Act," sets forth the financial security requirements for motor vehicle owners and operators. Under this article, a $500 civil penalty is imposed on persons who are found to have operated a motor vehicle without adequate insurance. Vehicle and Traffic Law §319(5). Additionally, this article provides that "[a] discharge in bankruptcy shall not relieve a person of the penalties and disabilities provided in this article." Id., § 318(11)(e). Accordingly, under the provisions of the Motor Vehicle Financial Security Act, the $500 civil penalty imposed for operating a motor vehicle without adequate insurance is not dischargeable in bankruptcy.
Although the Motor Vehicle Financial Security Act provides that penalties imposed under the Act are not dischargeable in bankruptcy, this is contrary to the provisions of the United States Bankruptcy Code. In a Chapter 13 bankruptcy, a debtor may discharge debts for civil fines and penalties. 11 U.S.C.A. § 1328(a); In re Games, 213 B.R. 773, 776 (Bankr E.D. Wash 1997); In re Christensen, 95 B.R. 886, 889 (Bankr DNJ 1988). Therefore, as we stated in a prior opinion, civil penalties imposed under the Motor Vehicle Financial Security Act are dischargeable in a Chapter 13 bankruptcy where the debtor completes payments under a Chapter 13 plan. Op Atty Gen No. 83-F19.
In Perez v. Campbell, 402 U.S. 637 (1971), the Supreme Court of the United States invalidated a provision of Arizona's Motor Vehicle Safety Responsibility Act because it was contrary to the principles underlying the bankruptcy laws. In Perez, the state statute at issue provided that "[a] discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this article." 402 U.S. at 642. The Court held that because this provision frustrated the full effectiveness of the federal Bankruptcy Act it was invalid under the Supremacy Clause of the Constitution.
The Supreme Court in Perez stated that "[d]eciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict." 402 U.S. at 644. In making this decision, a court must "determine whether a challenged state statute `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" 402 U.S. at 649
(quoting Hines v. Davidowitz, 312 U.S. 52, 67 [1941]).
"The primary purpose of the Bankruptcy Act is to give debtors `a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" Matter of Anonymous,74 N.Y.2d 938, 939 (1989) (quoting Perez v. Campbell, 402 U.S. 637, 648
[1971]). "This purpose may be defeated if certain benefits are denied because the debtor has filed a petition in bankruptcy or because the debtor refuses to reaffirm or reinstate obligations which have been discharged by bankruptcy." Matter of Anonymous, 74 N.Y.2d at 939.
The declared purpose of the New York State Motor Vehicle Financial Security Act is as follows:
 The legislature is concerned over the rising toll of motor vehicle accidents and the suffering and loss thereby inflicted. The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them. Vehicle and Traffic Law § 310(2).
To achieve this purpose, the legislature enacted several provisions imposing penalties for failure to maintain adequate motor vehicle insurance. These penalties include, inter alia, suspensions of registrations and driver's licenses, fines and civil penalties. Vehicle and Traffic Law §§ 318, 319. In an attempt to enforce these penalties, the legislature provided that "[a] discharge in bankruptcy shall not relieve a person of the penalties and disabilities provided in this article." Vehicle and Traffic Law § 318(11)(e).
Section 318(11)(e) of the Vehicle and Traffic Law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" (Perez v. Campbell, supra) in a Chapter 13 bankruptcy because it does not permit debtors to have "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt" (Matter of Anonymous, supra). Accordingly, because section 318(11)(e) "frustrates the full effectiveness of federal law" in a Chapter 13 bankruptcy (Perez v.Campbell, supra), it is superseded by Chapter 13 under the Supremacy Clause of the Constitution.
We conclude that under the Supremacy Clause of the Constitution, section318(11)(e) of the Vehicle and Traffic Law is superseded by Chapter 13 of the bankruptcy laws. Civil penalties owed to the Department of Motor Vehicles under article 6 of the Vehicle and Traffic Law are dischargeable in a Chapter 13 bankruptcy where the debtor completes payments under a Chapter 13 plan.
Very truly yours,
DENNIS C. VACCO
Attorney General