[984 NE2d 909, 960 NYS2d 711]

Bessie Caldwell et al., Appellants, v Cablevision Systems Corporation et al., Defendants, and Communications Specialists, Inc., Respondent.

Argued January 8, 2013; decided February 7, 2013

## POINTS OF COUNSEL

*Profeta & Eisenstein*, New York City (*Fred R. Profeta, Jr.*, of counsel), and *Schlemmer & Maniatis, LLP*, for appellants. I. The agreement by defendant's attorneys to pay $10,000 to a fact witness for one hour of testimony was unethical and constituted a bribe, and the testimony of that witness should have been stricken. (*Clifford v Hughes*, 139 App Div 730; *Niesig v Team I*, 76 NY2d 363; *Matter of Robinson*, 151 App Div 589, 209 NY 354; *Golden Door Jewelry Creations, Inc. v Lloyds Underwriters Non-Marine Assn.*, 865 F Supp 1516; *Maglione v Cunard*

*S.S. Co.*, 30 AD2d 784; *United States v Cervantes-Pacheco*, 826 F2d 310; *Sackler v Sackler*, 15 NY2d 40; *Mapp v Ohio*, 367 US 643; *Stagg v New York City Health & Hosps. Corp.*, 162 AD2d 595; *Nordhauser v New York City Health & Hosps. Corp.*, 176 AD2d 787.) II. Contrary to the holding of the Appellate Division, both the failure to exclude Dr. Krosser's testimony and the failure to give special instructions were not harmless, but were rather highly prejudicial. (*Rothberg v Reichelt*, 293 AD2d 948; *Shufelt v City of New York*, 80 AD2d 554; *Smith v General Acc. Ins. Co.*, 244 AD2d 402; *Carcamo v Stein*, 53 AD3d 520; *Melendez v New York City Tr. Auth.*, 196 AD2d 460; *Carr v Burnwell Gas of Newark, Inc.*, 23 AD3d 998; *Fields v City of New York*, 4 NY2d 334.)

*Shaub, Ahmuty, Citrin & Spratt, LLP*, Lake Success (*Christopher Simone* and *Scott M. Fusaro* of counsel), and *Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, for respondent. I. Plaintiffs failed to preserve for appellate review the trial court's alleged error in not striking Dr. Krosser's testimony or giving a specific jury instruction regarding factual testimony by a paid witness. (*Hunt v Bankers & Shippers Ins. Co. of N.Y.*, 50 NY2d 938; *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879; *Suria v Shiffman*, 67 NY2d 87; *Merrill v Albany Med. Ctr. Hosp.*, 71 NY2d 990; *Feinberg v Saks & Co.*, 56 NY2d 206.) II. The Appellate Division correctly concluded that, in light of the limited nature of Dr. Krosser's testimony, the trial court's alleged error in failing to give a specific charge regarding factual testimony by a paid witness was at most harmless error that did not materially affect the outcome of the trial; the ultimate issue on appeal is unreviewable by this Court under these circumstances. (*Walker v State of New York*, 111 AD2d 164; *Barbagallo v Americana Corp.*, 25 NY2d 655; *Fishman v Scheuer*, 39 NY2d 502; *People v Crimmins*, 36 NY2d 230; *Fahy v Connecticut*, 375 US 85; *Chapman v California*, 386 US 18; *Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 61 NY2d 769; *Khan v Galvin*, 206 AD2d 776; *Nappi v Gerdts*, 103 AD2d 737; *Judson v Fielding*, 253 NY 596, 227 App Div 430.) III. Plaintiffs' proposed per se exclusionary rule for fact witnesses compensated beyond the statutory fee is legally unsupportable, impracticable and bad policy. The Appellate Division correctly found that the appropriate remedy, where a genuine issue of excessive compensation exists, is to permit opposing counsel to explore the issue on cross-examination and summation. (*Pauzar v Children's Hosp. of Buffalo*, 167 AD2d 933; *Davis v McDaniel*, 60 Misc 2d 390; *Matter of Dudley v Kerwick*, 52 NY2d 542; *Matter of Stephen*, 239

AD2d 963; *Clifford v Hughes*, 139 App Div 730; *Matter of Robinson*, 151 App Div 589; *Maglione v Cunard S.S. Co.*, 30 AD2d 784; *Golden Door Jewelry Creations, Inc. v Lloyds Underwriters Non-Marine Assn.*, 865 F Supp 1516; *United States v Cervantes-Pacheco*, 826 F2d 310; *United States v Persico*, 832 F2d 705.) IV. Plaintiffs failed to present a prima facie case of negligence. (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539; *Cohen v Hallmark Cards*, 45 NY2d 493; *Louman v Town of Greenburgh*, 60 AD3d 915; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570; *Garvin v Rosenberg*, 204 AD2d 388.)

## OPINION OF THE COURT

PIGOTT, J.

At issue on this appeal is whether the testimony of a subpoenaed fact witness, who receives a fee alleged to be disproportionately in excess of CPLR 8001 (a)'s mandatory fee requirement for attendance at trial, is inadmissible as a matter of law. We conclude that such testimony is generally admissible, but that the trial court should, in a proper case, charge the jury as to the witness's potential bias, in light of the perceived excessiveness of the fee. Where, as here, the party that subpoenaed the witness offers no explanation for a fee that is seemingly in excess of reasonable compensation for lost time and incidental expenses, the trial court, upon a timely request by an objecting party, must charge as to the witness's potential bias.

## I.

In September 2006, defendant Communications Specialists, Inc. (CSI), per its contract with Cablevision Systems Corporation, began the installation of high-speed fiber-optic cable underneath Benefield Boulevard in Peekskill, New York. The work required CSI to cut a two-foot-deep and four- or five-inch-wide trench along the entire length of the 3,000-foot street. CSI also dug 58 one-foot-wide "test pits" in certain locations adjacent to the trench in order to locate preexisting utility lines. CSI backfilled the trench and test pits but, at the time of the incident giving rise to this action, the street had not been repaved.

On October 11, 2006 at approximately 10:00 p.m., plaintiff Bessie Caldwell, who resided on Benefield Boulevard, took her dog out for a walk. She crossed Benefield Boulevard and walked

the dog for a short distance. As she was crossing the street again, returning to her residence, plaintiff tripped and fell, injuring her leg.

Plaintiff and her husband (suing derivatively) commenced this negligence action against, among others, CSI for creating a hazardous and unsafe condition in the road by failing to properly backfill the trench and test pits, failing to properly or adequately pave over those areas, and failing to install temporary asphalt. After CSI answered and the parties conducted discovery, the matter proceeded to a bifurcated trial with liability being tried first.

Plaintiff testified that she stepped into a "dip in the trench" that caused her to fall. To rebut this testimony, CSI subpoenaed a physician who had treated plaintiff in the emergency room shortly after the accident. The doctor was called merely as a fact witness to testify concerning his entry in the "history" section of his consultation note that plaintiff *"tripped over a dog while walking last night in the rain"* (emphasis supplied). He testified consistently with his documented note. During cross-examination, plaintiff's counsel elicited from the doctor that CSI had paid him $10,000 for appearing and testifying. The doctor denied that his testimony was influenced by the payment, stating simply that he was there to "testify[ ] to my records." His testimony consisted only of his verification that he made the entry into the emergency room record. No professional opinion was sought nor given. Plaintiff's counsel requested that the court strike the doctor's entire testimony or, in the alternative, issue either a curative instruction or a jury charge concerning monetary influence.

The following day, before summations, plaintiff's counsel asked that the court charge the jury that, pursuant to CPLR 8001, the doctor, as a fact witness, was entitled to a witness fee of $15 per day and $.23 per mile to and from the place where he was served with the subpoena. Defense counsel countered that the witness fee was the statutory minimum and that there was no prohibition against paying a fact witness for time missed from work. The court suggested that, rather than issuing a charge, the parties could address the issue during summation and the jury could draw whatever inference it wished from those facts. The court cautioned the parties against referencing the statutory criteria of CPLR 8001.

After summations, where the parties addressed the doctor's fee payment in detail, the court gave the jury a general bias

charge but made no specific reference to the doctor's testimony or the payment he received for appearing at trial. Following deliberations, the jury found CSI negligent, but that such negligence was not a substantial factor bringing about the accident. Supreme Court denied plaintiff's motion to set aside the verdict. The Appellate Division affirmed, holding that although CSI's "substantial payment" to the doctor did not warrant exclusion of his testimony, Supreme Court erred in failing "to adequately charge the jury regarding the suspect credibility of factual testimony by a paid witness," but that reversal was not required because the error was harmless (86 AD3d 46, 48 [2d Dept 2011]).

## II.

We, like the Appellate Division, are troubled by what appears to be a substantial payment to a fact witness in exchange for minimal testimony. Such payments, when exorbitant as compared to the amount of time the witness spends away from work or business, create an unflattering intimation that the testimony is being bought or, at the very least, has been unconsciously influenced by the compensation provided. While we are concerned by the amount the witness was paid for this minimal attendance and testimony, we conclude that the Appellate Division's order should be affirmed under the circumstances of this case.

CPLR 8001 (a) provides that one who is compelled by subpoena to appear at trial is entitled to a $15 daily attendance fee and $.23 per mile in mileage fees. Although this is only the minimum that must be paid to a subpoenaed fact witness, that does not mean that an attorney may pay a witness whatever fee is demanded, however exorbitant it might be. Our courts and disciplinary rules have long acknowledged that "[t]o procure the testimony of witnesses it is often necessary to pay the actual expenses of a witness in attending court and a *reasonable compensation* for the time lost" (*Matter of Robinson*, 151 App Div 589, 600 [1st Dept 1912] [emphasis supplied], *affd* 209 NY 354 [1913]). "[T]here are [also] many incidental expenses in relation to the prosecution or defense of an action at law which can with propriety be paid by a party to the action" (*id.*; *see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4 [b] [1] [permitting a lawyer to pay a witness "reasonable compensation . . . for the loss of time in attending, testifying, preparing to testify or otherwise assisting counsel, and reasonable related

expenses"]; *see also* NY St Bar Assn Comm on Prof Ethics Op 668 [1994]).

What is not permitted and, in fact, is against public policy, is any agreement to pay a fact witness in exchange for favorable testimony, where such payment is contingent upon the success of a party to the litigation (*see Bergoff Detective Serv., Inc. v Walters*, 239 App Div 439, 442-443 [1st Dept 1933]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4 [b] [prohibiting a lawyer from paying, offering to pay or acquiescing "in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the matter"]). Of course, that situation is not presented here. The doctor's testimony was limited to what he had written on his consultation note less than 12 hours after the accident and well before plaintiff commenced litigation. Nor can it be argued that the doctor tailored his testimony in exchange for the fee or that there is any record evidence that the doctor's consultation note was fabricated.

Plaintiff argues that, having been subpoenaed, the doctor had a legal duty to appear and a legal right to only a $15 attendance fee, and because he was paid in excess of that amount, Supreme Court should have stricken his testimony. That argument, however, is without merit since the fee set forth in CPLR 8001 (a) is a minimum fee (*see* 234 Siegel's Practice Review, *When Does Fee for Fact Witness in Excess of Statutory Daily $15 Become Bribe, and What Roles Have Court and Jury in Looking into Issue?* at 1 [June 2011] [noting that payment of more than the $15 daily fee is not precluded under either the law or code of ethics]). Nonetheless, the payment of such a disproportionate fee for a short amount of time at trial is troubling, and the distinction between paying a fact witness for testimony and paying a fact witness for time and reasonable expenses can easily become blurred. A line must therefore be drawn "between compensation that enhances the truth seeking process by easing the burden of testifying witnesses, and compensation that serves to hinder the truth seeking process because it tends to 'influence' witnesses to 'remember' things in a way favorable to the side paying them" (NY St Bar Assn Comm on Prof Ethics Op 668).

In addition to asking the trial court to strike the doctor's testimony, plaintiff's counsel asked the court to charge the jury that, per the subpoena, the doctor was required by law to appear at trial and was entitled to a $15 attendance fee and $.23

per mile and "let [the jury] do with it what they will." This was tantamount to a charge request for a special jury instruction relative to the doctor's potential bias.

■ We agree with plaintiff that Supreme Court should have issued a bias charge specifically tailored to address the payment CSI made to the doctor. Supreme Court generally instructed the jury that bias or prejudice was a consideration that it should consider in weighing the testimony of *any* of the witnesses, but this was insufficient as it pertained to CSI's payment to the doctor. To be sure, Supreme Court properly acted within its discretion in concluding that the fee payment was fertile ground for cross-examination and comment during summation. But because CSI did not even attempt to justify the $10,000 payment for one hour of testimony, Supreme Court should have also crafted a charge that went beyond the CPLR 8001 requirements. Supreme Court should have instructed the jury that fact witnesses may be compensated for their lost time but that the jury should assess whether the compensation was disproportionately more than what was reasonable for the loss of the witness's time from work or business. Should the jury find that the compensation is disproportionate, it should then consider whether it had the effect of influencing the witness's testimony (*see* PJI 1:90.4). Of course, such a charge must be requested in a timely fashion. Additionally, it is within the trial court's discretion to determine whether the charge is warranted in the context of a particular payment to a witness, and to oversee how much testimony should be permitted relative to the fact witness's lost time and other expenses for which he is being compensated.

■ We conclude that, although a more specific jury charge should have been given, Supreme Court's failure to issue one in this case was harmless. The dispute underlying the doctor's testimony was not whether he fabricated the contents of the consultation note. In other words, the substance of the doctor's testimony was such that the jury's assessment was only tangentially related to the doctor's credibility.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur.

Order affirmed, with costs.