■ TRICHAM HOUSING ASSOCIATES, L.P., Respondent, v ALLAN KLEIN et al., Appellants, et al., Defendant. [978 NYS2d 162]—

In an attempt to settle the claims and counterclaims between them, plaintiff and defendant Emanuel Panitz entered into a memorandum of understanding (MOU) pursuant to which Panitz's legal fees would be paid, provided that the claims of defendants Allan Klein, Lobby Design Group, and Steeltech SA (the LDG defendants, collectively) failed. In exchange for this, Panitz assigned plaintiff his remaining cross claims against the LDG defendants. This agreement is void and unenforceable as against public policy. Although his claims against plaintiff have been settled, Panitz is still a witness in this action. Permitting the MOU to stand as it is, with the payment of Panitz's legal fees conditioned on the failure of his former codefendants' claims, creates an incentive for Panitz to falsify his testimony, an incentive that has long been disfavored (*see e.g. Caldwell v Cablevision Sys. Corp.*, 20 NY3d 365, 371 [2013], citing *Bergoff Detective Serv., Inc. v Walters*, 239 App Div 439, 442-443 [1st Dept 1933]).

We perceive no basis for sanctioning plaintiff or its counsel. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ.