ATTORNEY GENERAL *v.* LANE.

1. APPEAL AND ERROR—RIGHT OF REVIEW IS STATUTORY.
   Right of review is statutory, but procedure is subject to court rules.

2. SAME—ATTORNEY AND CLIENT—DISBARMENT PROCEEDING—REVIEW.
   Under 3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931, review of disbarment proceeding is by "motion of appeal," which means application for, and allowance of, appeal.

On incompetence or inattention to duty to client as ground for disbarment of attorney, see annotation in 69 A. L. R. 705.

3. SAME—FORMER WRITS NOT DESTROYED BY COURT RULE.
   While Court Rule No. 55 terms all former methods of review ''appeals'' it has not destroyed former writs by terming them appeals.

4. SAME—REVIEW OF DISBARMENT PROCEEDING—CERTIORARI.
   Under Court Rule No. 55 and 3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931, review of disbarment proceeding is appeal in nature of writ of certiorari, and not appeal *de novo,* since Supreme Court may not enter judgment anew.

5. ATTORNEY AND CLIENT—DISBARMENT PROCEEDING—STATUTE.
   In disbarment proceeding, law in force at time of suspension governs consequences.

6. SAME—DISBARMENT PROCEEDING CIVIL ACTION.
   Disbarment proceeding is civil, not *quasi*-criminal, and, beyond discipline of officer of court, serves purpose of protecting public and removing from profession unworthy member (3 Comp. Laws 1929, § 13585, as amended by Act No. 171, Pub. Acts 1931).

7. SAME—BORROWING MONEY FROM CLIENT.
   Attorney borrowing $1,500 from client, and giving his note for $2,000 was not guilty of unprofessional conduct, where no fraud was employed, but it was unwise and he assumes burden of establishing fair and open dealing, uninfluenced by confidential relation.

8. SAME—NEGLECT OF CLIENT'S INTEREST—UNETHICAL CONDUCT.
   Inattention by attorney to duty to client, such as failing to perfect appeal after receiving pay therefor, where unaccompanied by moral delinquency, while calling for censure, does not, standing alone, constitute grounds for disbarment; but where he retained fee, there was justification for finding him guilty of unethical and unprofessional conduct.

9. SAME—SUSPENSION FROM PRACTICE.
   Attorney receiving money to perform promised service, which he made little or no effort to do, and, without keeping his promise, refused to return money, was properly found guilty of fraud, deceit, and unethical conduct, justifying his suspension from practice for three years.

Appeal from Wayne; Root (Jesse H.), Sample (George W.), and George (Fred W.), JJ., presiding. Submitted January 5, 1932. (Calendar No. 36,207.) Decided June 6, 1932.

Disbarment proceedings by Paul W. Voorhies, attorney general, against James F. Lane. From order of suspension, defendant appeals. Affirmed.

*Paul W. Voorhies,* Attorney General, and *John H. McPherson,* Assistant Attorney General, for plaintiff.

*James F. Lane, in pro. per.*

WIEST, J. Three circuit judges, sitting *en banc,* heard evidence in support of charges preferred by the attorney general against defendant, found him guilty of unprofessional conduct as an attorney at law, and suspended him from practice for the period of three years. Defendant reviews by appeal.

The nature of the review herein, under the statute and court rules, whether in the nature of certiorari or a hearing *de novo,* must first be determined. Defendant and the attorney general both contend that the review here is *de novo.* We do not so hold.

Court Rule No. 55, effective January 1, 1931, provides:

"Every order, determination, decision, sentence, action, judgment or decree of a judicial or *quasi-*judicial nature, rendered in any civil proceeding by any court, officer or tribunal (whether administrative or judicial), if reviewable in a court of record by writ of error, appeal, case-made, certiorari, mandamus, prohibition, or in any other manner (except by the commencement of an action and the fil-

ing of pleadings in such court of record), shall be reviewed by notice of appeal, and such review shall be designated an appeal. This rule shall not be deemed to restrict or enlarge the right of review provided by law, nor to make any order, determination, decision, sentence, action, judgment or decree reviewable which otherwise would not be reviewable."

This rule terms all former methods of review appeals. Right of review is statutory, but procedure is subject to court rules.

At the time the rule was adopted, the statute (3 Comp. Laws 1929, § 13585) provided for review by writ of certiorari under the regular rules of this court. The statute was amended by Act No. 171, Pub. Acts 1931, and at the time of defendant's suspension provided, and now provides:

"Any person feeling himself aggrieved by the determination of the judges hearing any proceedings for disbarment or reinstatement, may have the proceedings reviewed by the Supreme Court of this State on application thereto by a motion of appeal under the regular rules of said court."

"Motion of appeal" must mean application for, and allowance of, an appeal. Our rule has not destroyed former writs in terming them appeals. The legislature evidently endeavored to make the amendment to the statute speak the language of our mentioned rule. The rule relating to appeals, however, applies one general term to several writs of review, inclusive of certiorari. It is true that, by the amendment, the legislature, in permitting review, departed from former specific designation of certiorari and accepted the omnibus term "appeal," as employed in our rule, but this does not indicate a review *de novo*. The statute permits an "appeal

under the regular rules of said court," and the regular rules term review by certiorari an appeal.

Our omnibus nomenclature of appeals leads us now to look through the verbiage of the statute and rule, and term the review an appeal in the nature of a writ of certiorari.

Review in this case is well stated as follows in *Matter of Goodman,* 199 N. Y. 143 (92 N. E. 211):

"In a proceeding of this character the power of review ends in this court when it appears that the proceeding has been instituted and conducted in accordance with the statutes and rules authorizing it; that no substantial legal right of the accused has been violated; that no prejudicial error has been committed in the reception or exclusion of testimony; and that there is some evidence to sustain the findings upon which the order is based. Further we cannot go, for the power and discretion of the appellate division in the infliction of punishment when guilt is established are not subject to review in this court."

If we hear the case *de novo,* then we must enter judgment anew, and this we cannot do.

Defendant contends that disbarment proceedings are *quasi*-criminal. At the time the petition herein was filed by the attorney general, the statute was silent on the subject, but before the hearing in the circuit, the statute was amended, and now declares such proceedings to be civil in nature (3 Comp. Laws 1929, § 13584, as amended by Act No. 171, Pub. Acts 1931). This, of course, only bears on the *quantum* of proof. The amendment of 1931 added restrictive consequences to disbarment. We think the law in force at the time of suspension governs the consequences. The proceeding is civil, not *quasi*-criminal, and, beyond discipline of an officer of the

court, serves the purpose of protecting the public and removing from the profession an unworthy member.

The proofs support the finding that defendant was not only neglectful of his duty toward Eva Meyer, his client, in a suit in chancery, but deliberately misled her. The question is one of professional ethics and not whether pecuniary loss was suffered by the client.

We do not think the proofs justified the finding that, in borrowing money from his client, Mrs. Furneis, defendant was guilty of unprofessional conduct. He borrowed $1,500, and gave his notes for $2,000. No fraud was employed. An attorney may, in good faith, borrow money from a client, but it is an unwise thing to do, for it subjects the act of the attorney to close scrutiny, and he assumes the burden of establishing fair and open dealing, uninfluenced by the confidential relation.

Defendant received pay to perfect an appeal from the court of common pleas to the circuit court, waited until the last day, and then did not get in touch with his client to have him sign the necessary bond. No appeal was taken, and defendant promised to return the fee he had received, but did not do so. Such inattention to duty to client, unaccompanied by moral delinquency, may call for censure and subject the attorney to civil action, but does not, standing alone, constitute grounds for disbarment. When, however, as here, the attorney retains the fee for a service promised, and not performed by reason of his own neglect, there was justification for finding him guilty of unethical and unprofessional conduct.

The circuit judges found that Earl V. Frazier—

"was interested in a memorial park development in Macomb county, but had been unable to secure the

necessary permit. He was advised to engage respondent, who told complainant he could and would get the permit for $2,000. This was in March or April, 1929. In May, respondent was paid $500 on account by Frazier and in July was given a note for $2,500; he having, in the meantime, demanded more compensation. In the early part of August Mr. Frazier, becoming satisfied that respondent was making little or no effort to secure the permit from the proper authorities, demanded the permit at once or a return of his money and note. Respondent promised action within a few days. Whether or not he made any effort to obtain the permit, he was unsuccessful, and was then discharged, but refused to return either the money or the note. We believe and find that respondent accepted $500 and promised to get the permit, and that, after receiving the money, he made very little effort to do as he had agreed. If unable to keep his promise, he should have returned the money and the note, but has done neither. It is our belief, and we so find, that respondent is guilty on this charge of fraud, deceit, and unethical conduct.''

The evidence sustained this finding.

Upon the findings, here approved, the order made in the circuit court is affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, J., did not sit.