STATE BAR OF MICHIGAN *v.* DAGGS

1. ATTORNEY AND CLIENT—RETAINER—FEES—ATTORNEYS' DUTIES TO CLIENTS.

Once a lawyer accepts retainer to represent a client he is obliged to exert his best efforts wholeheartedly to advance the client's legitimate interests with fidelity and diligence until he is relieved of that obligation either by his client or the court and the failure of a client to pay for his services does not relieve a lawyer of his duty to perform them completely and on time save only when relieved by his client or the court.

2. ATTORNEY AND CLIENT—SUSPENSION AND DISBARMENT—DISMISSAL AND NONSUIT—DIVORCE—CANONS OF ETHICS—STATE BAR RULES.

Failure of an attorney to prevent dismissal of a divorce suit for lack of progress was a violation of the canons of ethics and misconduct warranting discipline where he received a retainer fee, filed the complaint, obtained a preliminary injunction and order for attorney fees, and thereafter did nothing in the matter with the result that the suit was dismissed for lack of progress although he claimed that the fee was only a partial retainer and the client promised additional money before the suit would be processed.     (Canons of Professional Ethics No. 21; State Bar Rule 14.)

3. ATTORNEY AND CLIENT — STATE BAR GRIEVANCE PROCEDURE — COURTS.

Whatever the motive of a complainant in invoking the State Bar grievance procedure, the responsibility of the legal profession is to provide a fair and full method of ascertaining the validity of the complaint and imposing such sanction on a lawyer's conduct as may be warranted in the public interest

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 91 *et seq.*
[2, 4] 7 Am Jur 2d, Attorneys at Law § 12 *et seq.*
[3] 7 Am Jur 2d, Attorneys at Law §§ 60–69.

and in this procedure we are not concerned with enforcing the rights of individuals involved, as the civil courts are provided for that.

4. ATTORNEY AND CLIENT — SUSPENSION AND DISBARMENT — REIMBURSEMENT OF EXPENSES—DIVORCE.

Order of discipline providing for the suspension of an attorney's license to practice law for a period of three months and the payment of costs to reimburse the State Bar for expenses incurred in processing a grievance was appropriate, where the attorney failed to prevent dismissal of a divorce suit for lack of progress.

Appeal from State Bar Grievance Board. Submitted May 4, 1971. (No. 31 April Term 1971, Docket No. 53,322.) Decided June 1, 1971.

Disciplinary proceedings against LeRoy Daggs. Order entered suspending defendant from practicing law for three months and requiring defendant to reimburse the State Bar of Michigan for expenses incurred by reason of the proceedings. Defendant appeals. Affirmed.

*Louis Rosenzweig,* for the State Bar of Michigan.

*Donald L. Hobson* and *Clarence Laster, Jr.,* for defendant.

PER CURIAM. In this matter we are asked to review a disciplinary order of the State Bar Grievance Board issued pursuant to Rule 15 of the rules concerning the State Bar of Michigan for violation of Rule 14 of those rules.

The order of discipline provides for the suspension of respondent's license to practice law for a period of three months, and the payment of costs to reimburse the State Bar for expenses incurred in processing the grievance.

The charge against the respondent was that he failed to prosecute diligently a suit for divorce which he started on behalf of a client after being retained to do so.

The evidence presented to the hearing panel clearly established that the client paid the respondent $150 in September, 1968 that he filed the complaint in November 1968; obtained a preliminary injunction and order for attorney fees upon filing the suit; and that thereafter he did nothing in the matter with the result that the suit was dismissed for lack of progress in January, 1970.

After ignoring three letters from the office of the State Bar Grievance Administrator asking his explanation of the matters asserted in the complaint, the respondent answered the formal charge and testified before the hearing panel in October 1970. The panel's Order for Discipline on review by the Grievance Board on Respondent's petition, was affirmed in all respects except the period of discipline was reduced from six to three months.

The only matter urged by respondent in this review is stated:

"Whether Respondent-Appellant   *   *   *   was involved in unprofessional conduct in violation of the Michigan Supreme Court Rules and Canons of Ethics so as to justify a three-months suspension from the practice of law?"

He argues that the board should not credit the client's version that the $150 was to represent the whole fee for his services in light of the fact that this amount is less than the recommended minimum. He urges that in face of his 15 years of good professional practice, the board should give greater credibility to his version that this sum amounted only to a partial retainer and that the client prom-

ised additional money before the suit would be processed.

Although he acknowledges that the credit to be accorded witnesses' testimony is specially in the province of the fact finder, by asking us to say they erred in this circumstance, we are persuaded respondent bespeaks a woeful misconception of a lawyer's responsibility under our rules and the canons of ethics.

Once a lawyer accepts retainer to represent a client he is obliged to exert his best efforts wholeheartedly to advance the client's legitimate interests with fidelity and diligence until he is relieved of that obligation either by his client or the court. The failure of a client to pay for his services does not relieve a lawyer of his duty to perform them completely and on time, save only when relieved as above.

Thus crediting fully respondent's version of the transaction here involved his failure to prevent dismissal of the suit for lack of progress under the circumstances *he* describes is a violation of Canon 21* and misconduct warranting discipline under Rule 14.

In urging that the sanction imposed is too severe, respondent argues that it is highly penal and that the complainant will receive no reparation for the grievance. He says that there was no misrepresentation, misappropriation, or misuse of funds involved and that the sanction simply permits a disgruntled client to vent her spleen and satisfy her real anger against her husband which she could not do because of her own failure to pay the required fee.

This brings into sharp focus the real purpose of these proceedings.

---

* Canons of Professional Ethics No 21.

Whatever the motive of the complainant in invoking the grievance procedure, the responsibility of our profession is to provide a fair and full method of ascertaining the validity of the complaint and imposing such sanction on a lawyer's conduct as may be warranted in the public interest. In this procedure we are not concerned with enforcing the rights of the individuals involved. The civil courts are provided for that. Rather here we seek to make sure that all of us who hold ourselves out to the public as counsellors and agents in the administration of justice will so conduct ourselves as to merit the trust imposed in us.

We are satisfied from our examination of the record and consideration of the arguments that the discipline imposed is appropriate.

Conscious that every dereliction of our professional brothers diminishes us all we affirm the order of discipline in this case.

Respondent shall pay to the State Bar of Michigan the costs of this review.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.