HAMMOND v WEISS

1. ATTORNEY AND CLIENT—RETAINER—DUTY.

Once an attorney accepts a retainer to represent a client, he is obligated to exert his best efforts wholeheartedly to advance his client's legitimate interest with fidelity and diligence until he is relieved of that obligation either by his client or by a court.

2. ATTORNEY AND CLIENT—MALPRACTICE—INVESTIGATION BY COURT.

There is a responsibility resting upon the courts to investigate charges of legal malpractice as and when they are made.

3. PHYSICIANS AND SURGEONS—MALPRACTICE—ACCRUAL OF ACTION—STATUTES.

A medical malpractice claim accrues when the alleged responsible person discontinues treating the plaintiff (MCLA 600.5838).

4. LIMITATION OF ACTIONS—INFANTS—STATUTES.

Within one year after attaining majority, an infant may bring an action even though the limitations period has run (MCLA 600.5851[1]).

5. INFANTS—SETTLEMENT OF CLAIM—COURT APPROVAL—FRAUD.

If a probate court approves a compromise of possible litigation by an infant, the judgment will be binding on the infant provided that the compromise was made in good faith with a full disclosure of all the facts; but where the order of the court was obtained by fraud, the order may be attacked on equitable grounds.

6. APPEAL AND ERROR—DELAYED APPEAL—ORDERS—SETTLEMENT OF CLAIM—FRAUD.

The circuit court may allow a delayed appeal of a probate court settlement of an infant's claim against a doctor for malpractice

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 208.

[2, 7] 7 Am Jur 2d, Attorneys at Law §§ 167–200.

[3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 181–185.

[4] 42 Am Jur 2d, Infants §§ 135–137.

[5, 6] 42 Am Jur 2d, Infants § 217.

where the doctor's attorney's failure to disclose factual matters to the probate court may have constituted fraud.

7. ATTORNEY AND CLIENT—MALPRACTICE—REASONABLE DUTIES—QUESTION OF FACT.

The question of whether the defendants in a legal malpractice suit had, as attorneys, performed all reasonable duties necessary to protect their client's interest is a factual matter and should be determined by allowing both parties to present proofs; the trial court therefore erred by granting the defendants' motion for summary judgment.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 March 8, 1973, at Lansing. (Docket No. 14886.) Decided April 26, 1973. Leave to appeal denied, 390 Mich —.

Complaint by Melzor Hammond against Arthur Weiss and John T. Damm for malpractice. Summary judgment of no cause of action with attorney's fees awarded to defendants. Plaintiff appeals. Reversed and remanded with instructions, assessment of costs against plaintiff set aside.

*Charfoos & Charfoos,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *John P. Jacobs),* for defendant Weiss.

*Winegarden & Winegarden,* for defendant Damm.

Before: DANHOF, P. J., and HOLBROOK and BASHARA, JJ.

BASHARA, J. Plaintiff contracted ringworm when he was eight years old. In the course of treatment for his condition, Dr. Frederick Hauser, M.D., negligently exposed plaintiff to an overdose of x-rays, which caused burns.

The immediate effect of the x-ray overdose was a large scar on plaintiff's scalp, and permanent loss

of hair. In April, 1955, the Genesee County Probate Judge approved a settlement of $3,000 for plaintiff's injuries. He was represented at the settlement hearing by his father, as next friend, *in propria persona,* while Dr. Hauser was represented by counsel.

The attorney for Dr. Hauser represented to the court that he had conferred with a radiologist who had stated that no permanent damages could result, other than the loss of scalp hair. Approximately 8 years later, at the age of 16 or 17, cancer of the scalp developed. It was alleged that the cancer was proximately caused by the negligent x-ray treatment administered by Dr. Hauser. It was further alleged that plaintiff endured much pain, suffering, medical expense, and permanent physical damage.

In the summer of 1965, some two years after he contracted cancer, plaintiff, while still a minor, retained the defendant attorneys for the purpose of bringing suit against Dr. Hauser. Defendants eventually accepted a $250 retainer fee.

Plaintiff alleges that both Dr. Hauser and his attorney knew that the cancer was a forseeable consequence of the x-ray overdose, but failed to disclose the same to the probate judge.

On January 20, 1969, plaintiff reached the age of 22 years. At that time, defendant attorneys had failed to take any action against Dr. Hauser. By virtue of the statute of limitations, plaintiff is forever barred from recovering his damages against Dr. Hauser.

Plaintiff avers that due to defendant's negligence and breach of contract, he has lost his right of action. He therefore seeks to recover against the defendants for legal malpractice.

In February of 1971, the Genesee County Circuit

Judge granted a motion by defendants for accelerated judgment. The Court of Appeals vacated the circuit judge's order, and remanded the matter to the trial court. *Hammond v Weiss,* 31 Mich App 717 (1971). The Genesee Circuit, sitting *en banc,* ordered a change of venue to Oakland County Circuit Court.

On July 26, 1972, at a hearing on defendant's motion for summary judgment of no cause for action, under GCR 1963 117.2(1), the trial judge not only granted defendant's motion, but determined that plaintiff's lawsuit was frivolous, and awarded actual attorney's fees to defendants in the total amount of $4,538.70.

At the outset it should be noted that trial court has granted judgment pursuant to the wrong court rule. GCR 117.2(1) allows summary judgment where "the opposing party has failed to state a claim upon which relief can be granted". The applicable court rule to be considered, if summary judgment were to be granted, is GCR 117.2(3) which states: "that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law". As was held in *Burns v Cowan's Friendly Service,* 45 Mich App 371–372 (1973):

"Defendant Mobil Oil Corporation sought summary judgment pursuant to GCR 1963, 117.2(1). From the record, it is obvious that the parties and the court proceeded as though the motion had been brought under GCR 1963, 117.2(3). The trial court's grant of defendant's motion must be reversed pursuant to *Fecteau v Wolco Homes, Inc,* 385 Mich 763 (1971), *reversing* 32 Mich App 21 (1971)."

It is this Court's opinion, however, that summary judgment does not lie in the instant case.

Once an attorney accepts a retainer to represent a client, he is obligated to exert his best efforts wholeheartedly to advance his client's legitimate interest with fidelity and diligence until he is relieved of that obligation either by his client or by a court. *State Bar of Michigan v Daggs*, 384 Mich 729 (1971).

There should be no reluctance to recognize the validity of a claim for legal malpractice. Indeed, whatever may properly be the result of a private claim of legal malpractice, there is a responsibility resting squarely upon the courts to investigate such charges as and when they are made. *White v Sadler*, 350 Mich 511 (1957).

We must now consider the (merits of) plaintiff's claim, based on the facts viewed most favorable to the plaintiff, to determine whether the trial court should be ordered to proceed with a trial on the merits.

A medical malpractice claim accrues when the alleged responsible person discontinues treating the plaintiff, RJA 5838.[1] RJA 5805(3)[2] provides a two-year statute of limitations. The plaintiff's cause of action arose in 1954 and would, therefore, be barred in 1956, but for the fact that plaintiff was an infant. Within one year after attaining his majority, an infant may bring an action, even though the limitations period has run. RJA 5851(1).[3] Defendant attorneys could have brought suit against Dr. Hauser until January 20, 1969. They were retained by plaintiff in 1965, leaving them almost four years in which to prosecute the claim.

It is well to remember that in April of 1955, the

---

[1] MCLA 600.5838; MSA 27A.5838.

[2] MCLA 600.5805(3); MSA 27A.5805(3).

[3] MCLA 600.5851(1); MSA 27A.5851(1).

Genesee County Probate Court authorized settlement of plaintiff's claim against Dr. Hauser. If the court approves a compromise of possible litigation, the judgment will be binding on the infant provided the court finds that the compromise is made in good faith, with full disclosure of all the facts, *Metzner v Newman,* 224 Mich 324 (1923); *Dudex v Sterling Brick Co,* 237 Mich 470, 477 (1927).

In light of the presumptive validity of the probate court's order, was it possible for the defendant attorneys to attack that order and have it set aside? If not, summary judgment under GCR 1963, 117.2(3) should properly enter for the defendants.

Orders of the probate court fraudulently obtained are not res judicata. *King v Emmons,* 283 Mich 116 (1938); *In re Estate of Rahn,* 241 Mich 29 (1927). In such cases where orders of the probate court are obtained by fraud, the order may be attacked by a bill in equity. *Babcock v Babcock,* 150 Mich 558, 560 (1907); *Ewing v Lamphere,* 147 Mich 659, 663 (1907).

Defendants argue that a court of equity may ignore a probate court order only where there is a showing of positive, as opposed to constructive fraud. However, in *Hathaway v Hudson,* 256 Mich 694, 698–699 (1932), the Court stated:

"If the injured party's remedy is essentially an equitable one, we think it is immaterial whether it is based on active or constructive fraud."

In any event, Dr. Hauser's attorney's failure to disclose factual matters may have constituted positive fraud. On the facts alleged by plaintiff, it appears that justice may have required a revision of the probate court's order. The circuit court might well have allowed a delayed appeal. *In re*

*Gillespie Estate,* 348 Mich 256 (1957); *In re Tonne-lier's Estate,* 306 Mich 229 (1943).

The case of *Centala v Navrude,* 30 Mich App 30 (1971), provides an interesting example. There an infant, through her next friend, executed a release against one defendant, but the order in the probate court included a release as to all defendants. The circuit court granted summary judgment. On appeal this Court reversed, holding it to be the duty of the trial court to determine the best interests of the minor.

Defendants argue that as attorneys they performed all reasonable duties necessary to protect plaintiff's interest. Plaintiff argues against such a finding.

However, this then becomes a factual matter, and one which should be determined by allowing both parties to put in their proofs.

We therefore reverse the trial court's summary judgment of no cause for action, and remand for a trial on the merits of whether defendant attorneys were liable to plaintiff for malpractice. In view of our holding, it follows that we must also set aside the lower court's assessment of costs against plaintiff.

Reversed and remanded.

Costs to appellant.

All concurred.