LIPTON v BOESKY

Docket No. 52016. Submitted June 16, 1981, at Detroit.—Decided
October 20, 1981. Leave to appeal applied for.

Leo and Luce Lipton brought an action for legal malpractice in
Oakland Circuit Court against Roger Boesky. Plaintiffs alleged
that Boesky, their attorney during a construction project and
during part of certain litigation arising out of that project,
failed to properly handle that litigation, failed to properly
advise plaintiffs with repsect to aspects of the construction
project, and converted certain property to his own use contrary
to various provisions of the Code of Professional Responsibility.
Boesky filed a counter-complaint for fees and moved for sum-
mary judgment. William J. Beer, J., granted defendant's mo-
tion for summary judgment as to all of the plaintiffs' claims of
negligence or malpractice. Plaintiffs appeal on leave granted.
*Held:*

1. The Code of Professional Responsibility, like its predeces-
sor, the Canons of Ethics, provides for discipline of attorneys as
a measure of protection of the bench, bar and public. The fact
that the Code of Professional Responsibility provides for disci-
plinary action against an attorney violating the standards set
forth in the Code does not preclude a specific client from
seeking to recover for legal malpractice based upon the viola-
tion of the Code's standards. A violation of the provisions of the
Code of Professional Responsibility is rebuttable evidence of
legal malpractice. The plaintiffs' complaint therefore alleged
claims upon which relief can be granted and summary judg-
ment should not have been granted on the basis that plaintiffs
failed to state actionable claims.

2. Defendant's affidavit asserting that he had been permitted

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 61A Am Jur 2d, Pleading § 226 *et seq.*

  73 Am Jur 2d, Summary Judgment § 26 *et seq.*

[2] 7 Am Jur 2d, Attorneys at Law §§ 3-5, 120.

[3] 7 Am Jur 2d, Attorneys at Law §§ 60 *et seq.,* 67 *et seq.,* 197 *et seq.*

[5] 7 Am Jur 2d, Attorneys at Law §§ 173, 174.

Legal malpractice in connection with attorney's withdrawal as
counsel. 6 ALR4th 342.

to withdraw as counsel did not establish facts which warranted summary judgment in his favor. The order granting his withdrawal as counsel in the prior litigation was not entered until after the occurrence of the acts upon which plaintiffs base their claims. Since an attorney owes a duty of care to his client until he is discharged by the client or the court and since defendant neither alleged that he was discharged by his clients nor stated facts showing that he was discharged by a court prior to the acts upon which the malpractice claims are based, summary judgment on the basis that no genuine issue of fact exists should not have been granted.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that a plaintiff failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can justify a right to recovery (GCR 1963, 117.2[1]).

2. ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

An attorney is obligated to use reasonable skills, care, discretion and judgment in representing a client, conducting himself in a spirit of loyalty to his client and assuming a position of the highest trust and confidence; that obligation continues until the attorney is relieved of the obligation by either his client or by a court.

3. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — CODE OF PROFESSIONAL RESPONSIBILITY — EVIDENCE.

Violation by an attorney of the standards of professional conduct contained in the Code of Professional Responsibility may provide the basis for a malpractice action by a client as well as result in disciplinary action against the attorney, since the malpractice action is to provide recovery to the particular client while the disciplinary action is intended to protect the bench, bar and general public; violation by an attorney of the standards contained in the Code of Professional Responsibility is rebuttable evidence of legal malpractice.

4. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings,

affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

5. ATTORNEY AND CLIENT — WITHDRAWAL FROM CASE.

An attorney may not withdraw from a case unless he shows at a minimum that he has good cause to withdraw from the case.

*Tucker, Barbour & Mack, P.C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *James W. Bodary* and *Christine D. Oldani),* for defendant.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

E. E. BORRADAILE, J. This case involves allegations of legal malpractice arising from defendant's legal representation of plaintiffs in connection with their construction of an office building in Troy. Leave to appeal was granted following the circuit court's order granting summary judgment to defendant.

In 1973, plaintiffs formed a partnership and retained defendant to represent them in the construction of an office building. Problems arose during construction and the general contractor refused to complete the project for the original contract price. Negotiations between defendant, as legal counsel for plaintiffs, and the general contractor resulted in a new partnership and a new financing arrangement in which plaintiffs executed a promissory note payable to the general contractor. The building was completed and the general contractor sued on the promissory note in 1975. On July 28, 1975, defendant filed a motion to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

withdraw as counsel for plaintiffs. Plaintiff Luce
Lipton was served with a copy of the motion
sometime prior to July 30, 1975. She further con-
ferred with and engaged other counsel prior to the
hearing on the motion to withdraw.

The general contractor moved for summary
judgment. The motion for summary judgment and
defendant's motion to withdraw as counsel were
heard by the trial court on July 30, 1975. At that
hearing, the trial judge first granted the general
contractor's motion for summary judgment against
plaintiff Luce Lipton. He then granted defendant's
motion to withdraw as counsel. At that time,
defendant made no attempt to proffer any substan-
tive defense in favor of the Liptons, relying instead
on the motion to withdraw and the fact that the
Liptons were present in court with newly retained
attorneys.

On August 20, 1975, plaintiffs, represented by
new counsel, moved to set aside the summary
judgment, which motion was denied as was a later
motion for rehearing. No appeal was taken.

On July 29, 1976, plaintiffs filed this action
against defendant alleging seven separate in-
stances of malpractice. Defendant filed an answer
and counter-complaint for legal fees. He then filed
a motion for summary judgment, alleging that his
motion to withdraw as counsel in the earlier case
effectively terminated the attorney-client relation-
ship on July 30, 1975, and that he owed no duty
on which a claim of malpractice could be based.

The trial judge first granted summary judgment
only as to paragraph five of the complaint, then,
by amended order, dismissed all seven allegations
of malpractice. Apparently, the order for summary
judgment was based on both GCR 1963, 117.2(1)
and 117.2(3), although the order does not specify
either subrule.

Plaintiffs' complaint charged that defendant:

1. Refused in open court, through his agent, while being the attorney of record in a civil action, to oppose a motion for summary judgment against Luce Lipton, and allowed summary judgment to enter in violation of Disciplinary Rule 2-110 of the Code of Professional Responsibility;

2. Allowed in that same action default to enter against plaintiff Leo Lipton in violation of Disciplinary Rule 6-101;

3. Failed to file a breach of contract lawsuit against the firm of Andries-Butler, Inc., contrary to his representation that he was preparing to file a lawsuit for breach of contract, while at great expense to plaintiffs claiming to be documenting the facts necessary to pursue such lawsuit, all in violation of Disciplinary Rules 7-101, and 6-101(A)(3), and 1-102(A)(4);

4. Failed to properly advise plaintiff Luce Lipton as to the feasibility and propriety of engaging in the construction project known as 363 East Big Beaver, Troy;

5. Misrepresented to plaintiffs that their execution of a particular assumption agreement would relieve them of any liability for the cost of construction or mortgage financing related to the project known as 363 East Big Beaver, Troy, in violation of Disciplinary Rules 6-101 and 1-102(A)(4);

6. Advised plaintiffs that it was in their best interest in dealing with the property known as 363 East Big Beaver Road, Troy, to assign any and all right, title, and interest in said property in violation of the Canons of Ethics, the Code of Professional Responsibility and the standard of care for lawyers in the State of Michigan engaged in these kinds of transactions;

7. Converted to his own use $12,000 worth of valuable oil paintings owned by plaintiff Luce Lipton under the guise of reducing the amount of the fee payable to the defendant for services rendered to the plaintiffs, illegally deducting 30% of the value of the paintings from his credit to the legal fees of plaintiffs, titling the same his commission.

We first review the trial court's order under GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. In reviewing a motion granted under this subrule, we use the following standard:

"In reviewing a grant of summary judgment under GCR 1963, 117.2(1), the motion is tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). Because the motion tests only the legal and not the factual sufficiency of the pleadings, *Grasser v Fleming,* 74 Mich App 338, 342; 253 NW2d 757 (1977), all well-pleaded allegations must be taken as true. *Tash v Houston,* 74 Mich App 566; 254 NW2d 579 (1977), *lv den* 401 Mich 822 (1978). The motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Koenig v Van Reken,* 89 Mich App 102, 104; 279 NW2d 590 (1979), *Merit Electric Co v J Boyle, Inc,* 77 Mich App 503; 258 NW2d 539 (1977)." *Allinger v Kell,* 102 Mich App 798, 806-807; 302 NW2d 576 (1981).

An attorney is obligated to use reasonable skill, care, discretion and judgment in representing a client. *Eggleston v Boardman,* 37 Mich 14, 16 (1877), *Joos v Auto-Owners Ins Co,* 94 Mich App 419, 422; 288 NW2d 443 (1979), *lv den* 408 Mich 946 (1980). The attorney must also conduct himself in a spirit of loyalty to his client, assuming a position of the highest trust and confidence. *Kukla*

*v Perry,* 361 Mich 311, 316; 105 NW2d 176 (1960). This Court has stated:

" 'Once an attorney accepts a retainer to represent a client, he is obligated to exert his best efforts wholeheartedly to advance his client's legitimate interests with fidelity and diligence *until he is relieved of that obligation either by his client or by a court. State Bar of Michigan v Daggs,* 384 Mich 729 [187 NW2d 227] (1971).' *Hammond v Weiss,* 46 Mich App 717, 721; 208 NW2d 578 (1973). (Emphasis added.)" *Basic Food Industries, Inc v Travis, Warren, Nayer & Burgoyne,* 60 Mich App 496; 231 NW2d 466 (1975).

Each of the alleged acts of malpractice were committed before the court granted defendant's motion to withdraw as counsel. Plaintiffs have stated legally sufficient claims of malpractice and it is up to the trier of fact to determine if these claims are valid. *Corley v Logan,* 35 Mich App 199, 203-204; 192 NW2d 319 (1971). The trial court erred in granting the motion under GCR 1963, 117.2(1).

Although plaintiffs have alleged breach of the common-law duty of care, they also posit their claims on alleged violations of the Code of Professional Responsibility. Defendant argues that such violations are not actionable in a civil suit for damages. Plaintiffs not only alleged that a violation of the Code is actionable but also that proof of a breach should be evidence of malpractice per se.

Under the previous Canons of Ethics, it was said that discipline is administered as a measure for the protection of the bench, bar and public. *In re Block,* 9 Mich App 698, 707; 158 NW2d 49 (1968), citing *In re Mains,* 121 Mich 603; 80 NW 714 (1899). Citing *Attorney General v Lane,* 259 Mich 283; 243 NW 6 (1932), the *Block* Court held:

"Discipline, it goes without saying, must be such as is necessary in preserving the integrity of the bar and the orderly and effective administration of justice in this State. Discipline under the internal rules of the State Bar is not concerned necessarily with harm to the client, but rather with the professional conduct and ethics of the attorney in dealing with the client." *Block, supra,* 707.

The Court in *In re Mains, supra,* 609, quoting from Weeks, Attorneys, § 80, held:

" 'As an attorney-at-law is an officer of the court, the latter may exercise its summary jurisdiction over him to the extent of depriving him of his office and striking his name from the rolls. This the court may do in cases of malpractice, though the offense be not indictable. Attorneys may forfeit their professionable franchise by abusing it, and a power to exact the forfeiture must be lodged somewhere. Such a power is indispensable, to protect the court, the administration of justice, and themselves. Abuses must necessarily creep in, and attorneys themselves are vitally concerned in preventing the vocation from being sullied by the misconduct of unworthy members. The court, too, has this power on the ground of self-protection, outside of the common law, and outside of the statutory doctrine of contempt, in cases where an attorney has shown himself unfit to be one of its officers; and such unfitness may be displayed, not only by moral delinquency, but by acts calculated and intended to injure the court.' "

The Supreme Court in *State Bar of Michigan v Daggs, supra,* 733, said:

"Whatever the motive of the complainant in invoking the grievance procedure, the responsibility of our profession is to provide a fair and full method of ascertaining the validity of the complaint and imposing such sanction on a lawyer's conduct as may be warranted in the public interest. In this proceudre we are not con-

cerned with enforcing the rights of the individuals involved. The civil courts are provided for that. Rather here we seek to make sure that all of us who hold ourselves out to the public as counsellors and agents in the administration of justice will so conduct ourselves as to merit the trust imposed in us."

While none of the previous cases seems to have dealt with the question of whether a violation of the Code of Professional Responsibility is grounds for a malpractice action, we believe an analogous situation may be found in the criminal law and the law of torts. The same wrongful act may be offensive to the private individual as well as to the public generally, and from early times this was true of the lesser offenses. The punishment for serious offenses was death and forfeiture of goods, hence, no recovery could be had for a tort.

Austin on Jurisprudence, § 17, states:

"The difference between crimes and civil injuries is not to be sought in a supposed difference between their tendency, but in the difference between the mode wherein they are respectively pursued, or wherein the sanction is applied in the two cases. An offense which is pursued at the discretion of the injured party, or his representative, is a civil injury. An offense which is pursued by the sovereign, or by a subordinate of the sovereign is a crime."

To the same effect is Prosser, Law of Torts (4th ed, 1971), § 2, p 7.

The Code of Professional Responsibility is a standard of practice for attorneys which expresses in general terms the standards of professional conduct expected of lawyers in their relationships with the public, the legal system, and the legal profession. Holding a specific client unable to rely on the same standards in his professional relations

with his own attorney would be patently unfair. We hold that, as with statutes, a violation of the Code is rebuttable evidence of malpractice. See *Zeni v Anderson,* 397 Mich 117, 129; 243 NW2d 270 (1976).

We next address the trial court's grant of summary judgment under GCR 1963, 117.2(3). A motion grounded on no genuine issue as to any material fact is designed to test whether there is factual support for the claim. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972). In passing on a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Before summary judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. The motion has the limited function of determining .whether a material issue of fact exists. *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978). In reviewing the record, liberality should be exercised in finding a genuine issue of material fact, and the benefit of any reasonable doubt should be given to the party opposing summary judgment. *Rizzo v Kretschmer, supra,* 372. The judge should not substitute his opinion for that of the trier of fact and thereby deny a litigant the right to trial by jury. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965).

Defendant in this case filed a supporting affidavit as required by GCR 1963, 117.3. He dealt only with the issue of whether an attorney-client relationship still existed and did not address the remaining allegations of malpractice, all of which were alleged to have occurred prior to July 30,

1975, when the trial court granted defendant's motion to withdraw as counsel. We need not deal at length with the subsequent grant of summary judgment as to the remaining allegations. The trial court clearly erred in granting the motion as to all counts.

In his affidavit averring that no attorney-client relationship existed, defendant relied on the fact that plaintiffs appeared in court with new counsel. However, an attorney owes a duty of care to his client until he is discharged by the client or the court. *State Bar of Michigan v Daggs, supra,* 732, *Basic Food Industries, Inc v Travis, Warren, Nayer & Burgoyne, supra.* At the July 30, 1975, hearing, defendant's motion to withdraw was not granted until after summary judgment was granted against plaintiff Luce Lipton. Defendant does not claim or state facts sufficient to show that he was discharged by his client. At a minimum, an attorney cannot withdraw unless he has good cause. See *Ambrose v The Detroit Edison Co,* 65 Mich App 484; 237 NW2d 520 (1975), *lv den* 397 Mich 888 (1976). Defendant fails to allege permission by the client or a prior order by the court.

Review of the record convinces this Court that a genuine issue of fact exists and that summary judgment was improperly granted under GCR 1963, 117.2(3).

Reversed and remanded.